******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PROPERTY TAX MANAGEMENT, LLC *v.*
WORLDWIDE PROPERTIES,
LLC, ET AL.
(AC 43682)

Moll, Cradle and Pellegrino, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant property owners
for breach of contract in connection with the defendants' failure to
pay for services rendered. The plaintiff is a business that provides tax
consultation services and specializes in real estate tax valuation and
assisting property owners in contesting property assessments. The par-
ties entered into a contract authorizing the plaintiff to represent the
defendants at informal hearings, before the Board of Assessment
Appeals of the City of Bridgeport and, if necessary, to hire an attorney
to represent the defendants on appeal to the Superior Court. After the
defendants refused to pay the plaintiff for the services it had rendered,
the plaintiff commenced this action. The trial court rendered judgment
in favor of the plaintiff on its complaint in part and the defendants
appealed to this court, claiming that the court erred in not finding that
the plaintiff had engaged in, or otherwise induced, the illegal practice
of law by hiring an attorney to pursue the tax appeals and in maintaining
exclusive control over the tax litigation. *Held* that the contract was
consistent with public policy considerations and did not authorize the
illegal or unauthorized practice of law: the trial court correctly observed
that Connecticut courts have enforced agreements like the one at issue
in the present case, and, according to our Supreme Court, contracts of
this nature are consistent with the public policies against the unautho-
rized practice of law and in favor of fair and accurate taxation because
they facilitate the correction of errors by municipal assessors; moreover,
the contract provided the defendants with the right to discontinue the
engagement at any time with proper notice, and the tax appeals to the
Superior Court were validly brought by an attorney retained by the
plaintiff on behalf of the defendants.

Argued March 8—officially released May 11, 2021

*Procedural History*

Action seeking damages for, inter alia, breach of con-
tract, and for other relief, brought to the Superior Court
in the judicial district of Fairfield, where the defendants
filed a counterclaim; thereafter, the court, *Radcliffe, J.*,
denied the defendants' motion for summary judgment;
subsequently, the case was tried to the court, *Hon.
George N. Thim*, judge trial referee; judgment in part
for the plaintiff on the complaint and judgment for the
plaintiff on the counterclaim, from which the defen-
dants appealed to this court. *Affirmed.*

*Bill L. Gouveia*, for the appellants (named defendant
et al.).

*Linda Pesce Laske*, with whom, on the brief, was
*Eric M. Gross*, for the appellee (plaintiff).

*Opinion*

PELLEGRINO, J. In this breach of contract action, the defendants[1] appeal from the judgment, rendered after a trial to the court, in favor of the plaintiff, Property Tax Management, LLC, requiring that the defendants pay the plaintiff for services performed pursuant to a contract between the parties. On appeal, the defendants claim that the court erred in determining that a valid and enforceable contract existed between the parties that did not call for the illegal practice of law. We affirm the judgment of the trial court.

The trial court found the following facts. The defendants own real property located in the city of Bridgeport (city).[2] The plaintiff is a business that provides tax consultation services, specializes in real estate tax valuation and assists property owners in contesting property assessments.

In January, 2016, the defendants received a "Notice of Assessment Change" from the city. This assessment provided the assessed values of the defendants' properties for tax purposes and informed the defendants that they could review these updated assessments on an informal basis with an organization that was assisting the city in the reevaluation process, and then proceed to appeal to the Board of Assessment Appeals of the City of Bridgeport (board).

In January, 2016, a representative of the defendants was at Bridgeport City Hall to arrange a meeting for an informal review of the assessed values of the defendants' properties, when he met a representative of the plaintiff with whom he was acquainted. After the plaintiff's representative explained the tax consulting services that the plaintiff could provide, the defendants decided to retain the plaintiff to obtain tax assessment reductions on their properties. The parties entered into a written contract, which authorized the plaintiff to represent the defendants at informal hearings, before the board,[3] and then, if necessary, to hire an attorney to represent the defendants on appeal to the Superior Court. Under the terms of the contract, the defendants had the ultimate authority to accept or reject any reduction negotiated by the plaintiff or the attorney that it hired.

The plaintiff succeeded in obtaining reductions of some of the property assessments at the informal stage and before the board. With respect to the properties for which the plaintiff was unable to obtain reductions in the assessments, the plaintiff retained Attorney Steven Antignani[4] to pursue appeals in the Superior Court on behalf of the defendants. Antignani represented the defendants during pretrial proceedings and obtained reduced assessments pursuant to stipulated judgments. On or about June 13, 2017, having performed the services that it had agreed to provide under the contract,

the plaintiff submitted an invoice to the defendants.

The defendants refused to pay the plaintiff for the services that it had rendered, and the plaintiff then commenced the present breach of contract action. The defendants filed a motion for summary judgment, claiming that the contract was "unenforceable because it [was] against public policy on the basis that . . . the plaintiff illegally practiced law . . . ." The court denied the defendants' motion, finding that the contract was "not unenforceable as a matter of law," and that there was "[n]o unauthorized practice of law demonstrated as a matter of law." After a trial, the court found that the "[p]laintiff performed the services that it agreed to provide" under the contract, because "[a]t each stage of the assessment proceedings, [the plaintiff] appeared and negotiated on behalf of the defendants." The court further found that "[t]he parties agreed that the plaintiff's fee shall be 33 percent of the tax savings. They agreed that if it became necessary for the plaintiff to hire an attorney to take an appeal, 'all fees incurred, including filing fees, legal fees and appraisal fees shall . . . be reimbursed by [the defendants] in the event of a tax saving.' . . . The total amount of the fees that the plaintiff is entitled to recover from the defendants is $81,458." On the basis of its findings, the trial court rendered judgment in favor of the plaintiff, requiring that the defendants pay for the services performed by the plaintiff. It is from that judgment that the defendants appeal.

On appeal, the defendants claim that the court erred in not finding that the plaintiff engaged in, or otherwise induced, the illegal practice of law by (1) hiring Antignani to pursue the tax appeals in the Superior Court and (2) maintaining exclusive control over the tax litigation. Essentially, the defendants raise the question of whether a lay person authorized to negotiate on behalf of a client can legally retain an attorney on behalf of that client and bring an appeal before the Superior Court. In resolving the defendant's claim, we are guided by our Supreme Court's decision in *Robertson* v. *Stonington*, 253 Conn. 255, 750 A.2d 460 (2000).

*Robertson* involved an agreement similar to the one in the present case, whereby "[t]he plaintiff . . . hired [a property appraiser] to challenge the assess[ed] [value of his property] and, if necessary, to engage an attorney for the plaintiff to pursue the tax appeal to the trial court." Id., 258. On appeal, the defendant town claimed "that in order to effectuate the public policy of [General Statutes] § 51-86,[5] this court must bar the plaintiff's cause of action under [General Statutes] § 12-117a[6] because the plaintiff is a party to an illegal contract for the prosecution of the cause of action." (Footnotes added.) Id., 259. In resolving this claim, our Supreme Court noted that "the public policy concerns . . . implicated in the present case . . . [are] the public pol-

icy against the unauthorized practice of law, and the public policy in favor of fair and accurate taxation." Id., 260–61. The court held: "There is no public policy that discourages bringing valid tax appeals, and there is no evidence that [the property appraiser] promotes frivolous tax appeals. . . . If this tax appeal were barred on account of [the property assessor's] activities, the defendant would be allowed to withhold from the plaintiff an otherwise valid tax refund and to collect from the plaintiff excessive taxes each year until the next revaluation." Id., 261.

In the present case, the trial court correctly observed that "Connecticut courts have enforced agreements like the one at issue in this case." See, e.g., *Property Tax Management, LLC* v. *Karageorge*, Superior Court, judicial district of Fairfield, Docket No. CV-16-6058816-S (April 19, 2017); *Plaza Realty & Management Corp.* v. *Sylvan Knoll Section II, Inc.*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-95-0148938 (November 22, 1996). In fact, according to our Supreme Court, contracts of this nature are consistent with "the public polic[ies] against the unauthorized practice of law . . . and . . . in favor of fair and accurate taxation" because they "[promote] fair and accurate taxation by facilitating the correction of errors by municipal assessors." *Robertson* v. *Stonington*, supra, 253 Conn. 260–61. We note that such contracts are also consistent with § 12-111. Furthermore, the contract, which was before the court, clearly provided the defendants with the right to "discontinue the engagement, for all or any of the [p]roperties," at any time, provided that they gave thirty days of advance notice.

In light of *Robertson*, because the evidence in the record clearly shows that "[t]he . . . defendants [had] . . . ultimate control over the plaintiff and over any decision to bring or settle an appeal," and that the tax appeals to the Superior Court were validly brought by an attorney retained by the plaintiff on behalf of the defendants, we conclude that the contract in the present case is consistent with public policy considerations and did not authorize the unauthorized or illegal practice of law.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendants in this appeal are: Worldwide Properties, LLC; Englewood of Conn., Inc.; Main Sequoia, LLC, 4890 Main Street, LLC; J.G.V. Builders, Inc.; 4270 Main Street, LLC; 4348 Main Street Associates, Inc.; J.G.V. Barnum, LLC; 3768 Main Street, LLC; TVB, LLC; 3851 Main Street, Corp.; and Beechmont Group, LLC. In this opinion, we refer to these parties collectively as the defendants.

Antoinette Voll was also named as a defendant but is not involved in this appeal. The trial court rendered judgment in her favor, finding that no contract existed between her and the plaintiff.

[2] The defendants own twenty-six individual properties in the city.

[3] General Statutes § 12-111 (a) allows a property owner to appeal to the board if the owner is aggrieved by the assessment of the value of the property, and expressly permits a "duly authorized agent of the property owner" to represent the owner in such an appeal.

[4] Antignani is not a party to this action.

[5] General Statutes § 51-86 (a) provides in relevant part: "A person who has not been admitted as an attorney in this state . . . shall not solicit, advise, request or induce another person to cause an action for damages to be instituted, from which action or from which person the person soliciting, advising, requesting or inducing the action may, by agreement or otherwise, directly or indirectly, receive compensation from such other person or such person's attorney, or in which action the compensation of the attorney instituting or prosecuting the action, directly or indirectly, depends upon the amount of the recovery therein."

[6] General Statutes § 12-117a provides in relevant part: "Any person . . . claiming to be aggrieved by the action of the board of tax review or the board of assessment of appeals, as the case may be, in any town or city may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom . . . to the superior court for the judicial district in which such town or city is situated . . . ."